UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KRISTINA MIDDLETON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROSMILE HOLDINGS, LLC,<br><br>Defendant. | Case No. 3:24-cv-00533-RK-TJB |

## FINAL APPROVAL ORDER

Before the Court is Plaintiff's Motion for Final Approval of Class Settlement Agreement (the "Motion") requesting that the Court enter an Order granting final approval of the class action settlement involving Plaintiff Kristina Middleton, individually and on behalf of the proposed Settlement Class, and Defendant ProSmile Holdings, LLC as fair, reasonable, and adequate.

Having reviewed and considered the Settlement Agreement and Plaintiff's Motion, and having conducted a Final Approval Hearing, the Court makes the findings and grants the relief set forth below approving the settlement upon the terms and conditions set forth in this Final Approval Order.

**THE COURT** not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**THE COURT** being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether

the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class Members;

**IT IS ON THIS <u>14th</u> day of <u>October</u>, 2025.**

1. The settlement involves allegations in Plaintiff's Class Action Complaint that Defendant failed to safeguard and protect the sensitive and personal data of Plaintiff and the Settlement Class Members.

2. The settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

3. Unless otherwise noted, words spelled in this Final Approval Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

4. On May 28, 2025, the Court entered an Order Granting Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order"), which, among other things: (a) approved the Class Notice to the Settlement Class, including approval of the form and manner of notice set forth in the Settlement Agreement; (b) provisionally certified a class in this matter, including defining the Settlement Class; (c) appointed Plaintiff Kristina Middleton as the Class Representative and Laukaitis Law as Class Counsel; (d) preliminarily approved the settlement; (e) set deadlines for opt-outs and objections; (f) approved and appointed the Claims Administrator; and (g) set the date for the Final Approval Hearing.

5. In the Preliminary Approval Order, Federal Rule of Civil Procedure 23(b)(3) and 23(e) the Court defined the Settlement Class for settlement purposes only. The Court defined the Settlement Class as follows:

> **The Settlement Class:** all individuals within the United States of America whose PHI/PII and/or financial information was potentially exposed to unauthorized third parties as a result of the data breach experienced by ProSmile occurring no later than July 7, 2022.

Excluded from the Settlement Class are (i) ProSmile and its respective officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement

Class; (iii) the Judge and/or Magistrate assigned to evaluate the fairness of this Settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under the criminal law of initiating, causing, aiding, or abetting the Incident or who pleads nolo contendre to any such change. The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties, grants final approval of the Settlement Agreement and certifies the Settlement Class as defined herein and in the Preliminary Approval Order, and finds that the settlement is fair, reasonable, and adequate and meets the requirements of Federal Rule of Civil Procedure 23(e).

    6.    The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

    a.    A process by which Settlement Class Members who submit valid and timely Settlement Class Claim Forms to the Settlement Administrator may elect to receive compensation for documented out-of-pocket losses up to a total of $5,000.00.

    b.    A process by which Settlement Class Members who submit valid and timely Settlement Class Claim Forms to the Settlement Administrator may elect to receive compensation for social security impact payments up to a total of $500.00.

    c.    A process by which Settlement Class Members who submit valid and timely Settlement Class Claim Forms to the Settlement Administrator may elect to receive a pro rata cash payment based on the funds remaining in the Settlement Fund.

    d.    All costs of class notice and claims administration will be paid from the Settlement Fund as in accordance with the Settlement Agreement.

    e.    Service Awards in the amount of $5,000 to the Class Representative, and any

    benefits provided to Settlement Class Members and the costs of notice and settlement administration and separate from any payment for attorneys' fees, costs, and expenses. This payment will be distributed from the Settlement Fund in accordance with the Settlement Agreement.

   f. Defendant to pay the Court-approved attorneys' fees, costs, and expenses separate from any Service Award to the Class Representative. This payment will be distributed from the Settlement Fund in accordance with the Settlement Agreement.

  7. The Court has considered the factors set out in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975), *In Re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions)*, 148 F.3d 283 (3d Cir. 1998), and Rule 23 of the Federal Rules of Civil Procedure regarding approval of class action settlements. The terms of the Settlement Agreement are fair, reasonable, and adequate, and are hereby approved, adopted, and incorporated by the Court. The Parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the settlement in accordance with this Order and the terms of the Settlement Agreement.

  8. Notice of the Final Approval Hearing and the proposed Motion for Attorneys' Fees, Costs, and Expenses, and Service Awards have been provided to the Settlement Class as directed by this Court's order.

  9. The Court finds that such notice as therein ordered constituted the best practicable notice under the circumstances, apprised Settlement Class Members of the pendency of the action, gave them an opportunity to opt out or object, complied with the requirements of Federal Rule of Civil Procedure 23(c)(2), and satisfied due process under the United States Constitution, and other applicable law.

10. As of the final date of time for opting out of the settlement, 4 Settlement Class Members have submitted a valid request to be excluded from the settlement. The names of those persons are set forth in **Exhibit A** to this Order. Those persons are not bound by this Final Approval Order, as set forth in the Settlement Agreement.

11. No Settlement Class Members have objected to the Settlement.

12. The Court has considered all the documents filed in support of the settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to this Court.

13. The Court has considered Class Counsel's motion for attorneys' fees, costs, expenses, and service awards. The Court awards Class Counsel the sum of $ 146,666.67 as an award of attorneys' fees and $ 13,941.48 as an award of costs and expenses, and the Court finds this amount of fees, costs, and expenses to be fair and reasonable. These payments shall be paid in accordance with the Settlement Agreement.

14. Class Counsel also filed a motion for Service Awards for the Class Representative. The Court having considered the motion, grants Class Counsel's request for service award to the Class Representative and awards $ 5,000 to Plaintiff Kristina Middleton.

15. Pursuant to the Settlement Agreement, Defendants and the Settlement Administrator shall implement the Settlement in the manner and timeframe as set forth herein.

16. As of the Effective Date, the Plaintiff named in the Settlement Agreement and Release and every Settlement Class Member (except those who timely opted out) will be

deemed to have fully, finally, and forever completely released, relinquished, and discharged the Released Persons from any and all past, present, and future claims, counterclaims, lawsuits, set-offs, costs, expenses, attorneys' fees, costs, and expenses, losses, rights, demands, charges, complaints, actions, suits, causes of action, obligations, debts, contracts, penalties, damages, or liabilities of any nature whatsoever, known, unknown, or capable of being known, in law or equity, fixed or contingent, accrued or unaccrued and matured or not matured that arise out of, are connected to, or relate in any way to the Data Incident, including such claims that were or could have been asserted in the Litigation.

17. In no event shall the Settlement Agreement, any of its provisions, or any negotiations, statements, or proceedings relating to it be offered or received as evidence in the Lawsuit or in any other proceeding, except in a proceeding to enforce the Settlement Agreement (including its Release).

18. Released Claims shall not include the claims of those persons identified in **Exhibit A** to this Order who have timely and validly requested exclusion from the Settlement Class.

19. The matter is hereby dismissed with prejudice and without costs, except that the Court retains jurisdiction over the consummation and enforcement of the settlement.

20. The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and the Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

IT IS SO **ORDERED.**

                                          s/Tonianne J. Bongiovanni
                                      **HON. TONIANNE J. BONGIOVANNI, U.S.M.J.**

[Docket Entry Nos. 33, 34 are terminated.]

# EXHIBIT A

| First Name | Last Name |
|---|---|
| Casey | Shorthouse |
| Ashley J | Rhoads |
| Jan | Stueckle |
| Paul T | Garr |